IN THE SUPREME COURT OF THE STATE OF DELAWARE

KENNETH COBLE, §
§ No. 461, 2014
Defendant-Below, Appellant, §
§ Court Below:  Superior Court
v. § of the State of Delaware,
§ in and for New Castle County
STATE OF DELAWARE, §
§ I.D. No. 1004005380
Plaintiff-Below, Appellee. §

Submitted:  May 13, 2015
Decided:  May 13, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

# **O R D E R**

This 13th day of May 2015, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) This is an appeal from the Superior Court's denial of a motion for post-conviction relief under Rule 61.[1]  Appellant Kenneth Coble argues that his trial counsel was ineffective under *Strickland*[2] for failing to insist that the State provide more proof that Coble had been convicted of the three qualifying felonies required for him to be classified as an habitual offender under 11 *Del. C.* § 4214(a), and to advise him that he had the right to remain silent at his sentencing hearing.

---

[1] Super. Ct. Crim. R. 61.
[2] *See Strickland v. Washington*, 466 U.S. 668 (1984).

1

(2) As the Superior Court properly found, Coble's claim is procedurally barred under Rule 61(i)(4)[3] to the extent that he seeks to relitigate the question of whether there was sufficient record evidence that he had been convicted of three qualifying felonies.[4] Coble raised that issue in the Superior Court before sentencing and on direct appeal to this Court.[5] This Court determined that the claim was without merit.[6]

(3) Furthermore, the Superior Court's determination that there is no merit to Coble's *Strickland* claim was well supported by the factual record and was a proper application of the governing law. As the Commissioner's Report points out, Coble is incorrect that there was no reliable evidence of his conviction in North Carolina for felonious breaking and entering in 1987, aside from his admission to the Superior Court that the State's information was accurate.[7] The trial court record contained clear evidence of that previous conviction, including an arrest warrant, a judgment and commitment form, and a signed plea transcript displaying Coble's full name, date of birth, and signature.[8] Thus, his attorney was not ineffective for failing to make the State prove the existence of three predicate

---

[3] Super. Ct. Crim. R. 61(i)(4) (barring the defendant from bringing a claim for relief that was formerly adjudicated).
[4] *State v. Coble*, 2014 WL 1760950, at *3 (Del. Super. Ct. Apr. 30, 2014).
[5] *See Coble v. State*, 2012 WL 1952293 (Del. May 30, 2012).
[6] *Id*. at *1.
[7] *See* App. to Opening Br. at 163 (Tr. of Sentencing, July 6, 2011).
[8] *See State v. Coble*, 2014 WL 1760950, at *2 (Del. Super. Ct. Apr. 30, 2014); App. to Opening Br. at 46-52 (Mot. to Declare Kenneth Coble a Habitual Offender, Ex. D); App. to Answering Br. at 12 (State of North Carolina Tr. of Plea).

felonies, as there was sufficient record evidence to prove beyond a reasonable doubt that Coble had been convicted of at least three predicate crimes.

(4) Indeed, had Coble's trial counsel encouraged Coble to dispute the State's proof of Coble's previous convictions, which Coble himself admitted to on the record, it would have provided him with no benefit, and could perhaps have been seen as a lack of acceptance of responsibility. In view of the serious charges that Coble faced and the strong evidence against him, it would have not have constituted "ineffective assistance" for his counsel to agree with Coble's own inclination to plead guilty to less serious charges and hope for leniency from the sentencing judge.[9] That he was ultimately sentenced to the maximum term, life in prison, does not provide a basis to second-guess a course of action that was reasonable given the circumstances Coble confronted.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:
*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[9] Coble's trial counsel clarified in his Rule 61 affidavit that it was "Coble's decision and his decision alone to go forward with his sentencing on July 6, 2011 and not contest any of the convictions listed by the State of Delaware's habitual offender motion." App. to Answering Br. at 7 (Trial Counsel's Answer to Coble's Mot. for Postconviction Relief).

3